UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
               :

UNITED STATES OF AMERICA

               :       CORRECTED PRELIMINARY
    - v. -                ORDER OF FORFEITURE AS TO
               :       SPECIFIC PROPERTY/MONEY
ERIT SHYTI,               JUDGMENT

               :
        Defendant.         23 Cr. 667 (JLR)
               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

WHEREAS, on or about December 15, 2023, ERIT SHYTI, (the "Defendant"), was charged in a one-count Indictment, 23 Cr. 667 (JLR) (the "Indictment"), with Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about September 17, 2024, the Defendant pled guilty to Count One of the Indictment;

WHEREAS, on or about August 21, 2025, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture"), imposing a forfeiture money judgment against the Defendant in the amount of $7,400.00 in United States currency (the "Money Judgment") representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment and forfeiting

all of the Defendant's right, title, and interest in the sum of $170 in United States currency that was seized by the Government from the Defendant at the time of his arrest on July 26, 2025 (the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture incorrectly identified the seizure date of the Specific Property as July 26, 2025;

WHEREAS, the Specific Property should have been described as follows: the sum of $170 in United States currency that was seized on July 26, 2023 by the Government from the Defendant at the time of his arrest (the "Corrected Specific Property"); and

WHEREAS, the Preliminary Order of Forfeiture is to be corrected only as to the corrected seizure date, and the Preliminary Order of Forfeiture should in all other respects remain unchanged and fully incorporated herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Corrected Specific Property and to hold such property in its secure custody and control.

3.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the

United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Corrected Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Corrected Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Corrected Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Corrected Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

6.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Corrected Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. The Corrected Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

SO ORDERED:

_Jennifer Rochon_

HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

January 29, 2026
DATE